UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMAN WIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Civil Action No. 21-4378 (MCA)<br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Plaintiff's filing of an Amended Complaint. (ECF No. 5.) The Court previously granted Plaintiff's IFP application and granted leave to amend. (*Id.* at 3.) At this time, the Court dismisses the federal claims in the Amended Complaint pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B). The Court also declines supplemental jurisdiction and denies the request for counsel and class action treatment.

I.　　**RELEVANT BACKGROUND**

At the time he submitted his Complaint and Amended Complaint, Plaintiff was a federal pretrial detainee.[1] Plaintiff's original Complaint is one of numerous, nearly identical complaints,[2] from federal pretrial detainees at the Essex County Correctional Facility,

---

[1] Plaintiff subsequently pleaded guilty to drug and firearm offenses, and an amended judgment of conviction was entered on May 9, 2022. *See* Crim No. 21-434 at 35. Although Plaintiff has communicated with the District Court in his criminal case after he entered Bureau of Prisons ("BOP") custody (*See id.* at ECF Nos. 36-39), he did not update his address in this action. By failing to update his address, Plaintiff has not complied with L. Civ. R. 10.1, and this case may also be subject to dismissal for failure to prosecute under Fed. R. Civ. P. 41. The Court, however, elects to screen the Amended Complaint for dismissal under 28 U.S.C. § 1915(e).

[2] Earlier versions of the complaint challenged the pandemic-related standing orders, and other district courts dismissed these complaints for suing only the United States, which was immune under sovereign immunity. *See, e.g., Marcano v. United States*, No. 21-7381, 2021 WL

purportedly seeking to proceed as a class. *See, e.g.*, *McClain v. United States*, No. 21-4997, 2021 WL 2224270, at *1 (D.N.J. June 2, 2021); *Middlebrooks v. United States*, No. 21-9225, 2021 WL 2224308, at *1 (D.N.J. June 2, 2021); *Majerska v. United States*, 2021 WL 4739602, at *1 (D.N.J. Oct. 12, 2021); *Wilson v. United States*, 2022 WL 180326, at *1 (D.N.J. Jan. 20, 2022); *Noreiga v. United States*, No. 21-3589, 2022 WL 2161928, at *3 n.2 (D.N.J. June 15, 2022). Plaintiff sought leave to amend his Complaint prior to screening, and the Court granted him leave to submit an Amended Complaint. (ECF No. 3.) When Plaintiff failed to file an Amended Complaint within the time provided, the Court provided him with additional time, and Plaintiff submitted an Amended Complaint, albeit late. (*See* ECF Nos. 4-5.)

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity," and in actions where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same

---

2434022, at *2 (D.N.J. June 14, 2021); *Middlebrooks v. United States*, No. 1-9225, 2021 WL 1962895, at *2 (D.N.J. Apr. 15, 2021). Plaintiff does not explicitly raise a speedy trial challenge to the pandemic-related standing orders in his Amended Complaint, and the Court does not address the allegations in his original complaint as that complaint is superseded by the Amended Complaint. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). Furthermore, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam); *see also Kreis v. Northampton Cnty. Prison*, 564 F. Supp.3d 359, 361 (E.D. Pa. 2021).

standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.  DISCUSSION

In his Amended Complaint, Plaintiff has sued the United States of America, the U.S. Marshals Service, Governor Phil Murphy, the County of Essex, Director Alfaro Ortiz, Warden Guy Cirillo, and CFG Medical Services for purported violations of (1) the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.; (2) 42 U.S.C. §§ 1983, 1985, 1986; (3) the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq.; (5) the Religious Land Use and Institutionalized Persons Act, 42. U.S.C. § 2000cc et seq.; (6); and (7) the Administrative Procedures Act, 5 U.S.C. § 702. Plaintiff also seeks mandamus relief pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 1361. It is also possible that Plaintiff seeks relief under state law.

As set forth in more detail below, Plaintiff alleges that he has been denied medical care or provided negligent medical care and contends that Defendants have conspired to violate his civil rights through various pandemic-related restrictions at Essex County Jail, such as lockdowns and restrictions on family, clergy, and attorney visits.

The Court begins by clarifying that Plaintiff may not bring constitutional tort claims against the United States and the U.S. Marshals Service. The Third Circuit held in *Jaffee v. United States*, 592 F.2d 712, 717–18 (3d Cir. 1979), that sovereign immunity bars claims against the United States and its federal agencies and officials, unless the United States explicitly waives its immunity. *See, e.g., Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008); *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 436 (D.N.J. 2018). It is well established that the United States is not subject to suit for constitutional torts, including the civil rights claims, and is entitled to absolute sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77, 484-85 (1994) (the United States is immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (sovereign immunity bars suits seeking damages or coercive injunctive relief). Similarly, federal agencies and entities, like the U.S. Marshals Service, are also immune from suit in civil rights matters, because they have not explicitly waived sovereign immunity. *See e.g., Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007); *see also Gary v. Gardner*, 445 F. App'x 466–67 (3d Cir. 2011) (holding that "the United States Marshals Service is entitled to sovereign immunity from suit" absent an explicit waiver of sovereign immunity); *Hill v. United States*, No. 21-03872, 2021 WL 3879101, at *3 (D.N.J. Aug. 30, 2021). "Sovereign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." *Richards v. United States*, 176 F.3d 652, 654 (3d Cir.

1999) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).  For these reasons, the Court dismisses with prejudice all potential constitutional tort claims against the United States and the U.S. Marshals Service.

At the beginning of his Amended Complaint, Plaintiff states the following: "Plaintiff has an out of control cranial tumor that has been growing for nearly two years without required medical treatment, while promises of surgery go unfulfilled."  (Amended Complaint at 2.)  Plaintiff provides no other well-pleaded facts about this alleged denial of medical care, but he appears to assert an FTCA claim against the United States and the U.S. Marshals Service.  (*See id.*)  "The United States has waived its sovereign immunity in prescribed circumstances in accordance with the [FTCA]."  *See Dalal v. Molinelli*, No. 20-1434, 2021 WL 1208901, at *9 (D.N.J. Mar. 30, 2021) (citing *Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009).  The FTCA, § 1346(b)(1), however, lists six threshold requirements that a plaintiffs claim must satisfy to confer jurisdiction. A claim must be made

> "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)(1)) (alterations in original).  Notably, the cause of action in an FTCA claim must come from state tort law.  *Id.* at 478 (describing state tort law as "the source of substantive liability under the FTCA").  Plaintiff appears to allege that the United States is liable for medical negligence in connection with his cranial tumor, but he provides insufficient well-pleaded facts to support this claim.  (*See* Am. Complaint at 2.)  Plaintiff vaguely alludes to the U.S. Marshals Service having custody over him, but he does not plead facts showing that any U.S. government employees provided negligent

medical care or denied him medical care while acting in the scope of their office or employment. Because Plaintiff has not pleaded the elements of a FTCA claim or sufficient facts in support thereof, this claim is dismissed <u>without prejudice</u> as to the United States and <u>with prejudice</u> as to the U.S. Marshals Service, which is not a proper Defendants under the FTCA.[3]

Plaintiff also raises violations of his civil rights by Governor Murphy, Essex County, Director Ortiz, Warden Cirillo, and CFG Medical Services, and these claims arise under 42 U.S.C. § 1983.  Plaintiff states that Governor Murphy issued unconstitutional Covid-19 emergency orders, that Director Ortiz also issued "emergency declarations," and that all the Defendants "conspired" to deprive him of his civil rights.  (Am. Complaint at 5-7.)

From the outset, an individual defendant sued under 42 U.S.C. § 1983 may not be held liable based solely on his or her role as a supervisor.  To be held liable, such a supervisor must have had "personal involvement in the alleged wrongs."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability).  Thus, a plaintiff must generally plead facts showing either the supervisory defendant's "participation [in the alleged wrong], or ... actual knowledge and acquiescence [in his subordinate's wrongdoing]."  *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), rev'd on other grounds, 135 S. Ct. 2042 (2015).

---

[3] In addition, prior to bringing a claim against the United States under the FTCA, a plaintiff must first present a claim to the appropriate federal agency, and the agency must render a final decision on the claim, or the time for it to do so must expire.  *Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018) (per curiam) (citing 28 U.S.C. § 2675(a); *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015)).  This exhaustion requirement is jurisdictional and cannot be waived.  *Id.*

In the case of a municipal defendant or outside contractor, such as Essex County and CFG Medical Services, a plaintiff must plead facts showing that the municipality or contractor adopted a policy, practice, or custom which was ultimately responsible for the alleged violation. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). A municipal or corporate policy, practice, or custom must be the "moving force" behind the alleged constitutional violation for a plaintiff to plead a plausible claim for relief. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). Alternatively, Plaintiff could state a *Monell* claim by alleging a failure to supervise, train, or discipline, and must provide facts showing that the failure amounts to deliberate indifference to the constitutional rights of those affected. *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

Plaintiff's bald assertion of a "conspiracy" among the Defendants to deny Plaintiff's constitutional rights does not state a claim for relief under §§ 1983, 1985, or 1986. A plaintiff pleading a civil rights conspiracy cannot rest on bare accusations, but must instead plead facts showing actual agreement between the alleged conspirators and concerted action towards the object of the conspiracy.[4] *See, e.g., Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an

---

[4] Moreover, Plaintiff does not provide sufficient facts to state conspiracy claims under §§ 1985 or 1986. *See Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) ("[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."); *Rode v. Dellarciprete*, 845 F.2d 1195, 1206 (3d Cir. 1988) (stating the elements of a § 1985(2) claim regarding a conspiracy to obstruct justice by intimidating parties, witnesses, or jurors); *see also Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994) ("[T]o maintain a cause of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy.").

agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result is insufficient to show conspiracy, which requires a showing of actual agreement and concerted action). The civil rights conspiracy claims under §§ 1983, 1985, and 1986 are dismissed without prejudice.

Plaintiff also alleges that Defendant Ortiz subjected inmates to 20- to 23-hour lockdowns and restricted family, clergy, and attorney visits beginning in March 2020, i.e., the beginning of the COVID-19 pandemic. (Am. Complaint at 9-12.) Plaintiff does not provide any facts about when these restriction eased. To establish a basis for a Fourteenth Amendment violation, a pretrial detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). Only conditions of confinement that "cause [detainees] to endure genuine privations and hardship over an extended period of time" violate due process. *Bell*, 441 U.S. at 542. Additionally, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim.

*Bistrian*, 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution.").

Although Plaintiff alleges in a conclusory manner that these restrictions were designed to punish inmates, he also acknowledges that these restrictions were enacted to slow the spread of COVID-19 within the jail, and he does not provide any facts regarding when the restrictions eased. Without more, it appears that the lockdowns and restrictions on visitation were enacted for a legitimate government purpose, and Plaintiff has not provided sufficient facts showing that the restrictions were excessive in relation to that purpose.

The Amended Complaint also suffers from a lack of facts specific to Plaintiff. With respect to family visits, Plaintiff provides no facts to suggest that he was denied visitation with his family members. Plaintiff also alleges that Defendant Ortiz denied inmates access to religious clergy, but Plaintiff provides no facts about his own religious beliefs or need to consult with clergy or other spiritual advisor during the relevant time period. Plaintiff further alleges that Defendant Ortiz denied inmates visits with their attorneys and permitted window visits, phone calls, video calls, and letters instead. Plaintiff does not allege, however, that he was unable to prepare his own defense or negotiate a plea deal due to restrictions on attorney access. As such, each of these § 1983 claims fails to state a claim for relief and is dismissed without prejudice.

The Court also construes Plaintiff to allege a claim for inadequate medical care, based on the failure to provide surgery or other unspecified medical treatment for his cranial tumor. Courts evaluate Fourteenth Amendment claims for inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment. *See Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). In order allege a violation of his

constitutional right to adequate medical care, Plaintiff provide facts showing (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.* (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Deliberate indifference requires a showing that "the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must also "draw the inference." *Id.*

As noted above, Plaintiff alleges that he has a cranial tumor and refers to a "promised surgery." At the screening stage, the Court finds that Plaintiff has adequately pleaded that he has a serious medical need. To proceed on this type of claim, however, Plaintiff must show that a particular Defendant (or Defendants) acted with deliberate indifference to his need for medical care. Plaintiff alludes to "promised surgery" but he has not provided facts showing that any of the individual Defendants (Governor Murphy, Director Ortiz, or Warden Cirillo) knew he had a cranial tumor that required surgery but failed to schedule it, or otherwise denied him necessary medical attention. As such, he has not pleaded sufficient facts showing that any individual Defendants acted with deliberate indifference to his serious medical needs.

Plaintiff may be attempting to assert a *Monell* claim against the County of Essex or CFG. In the Amended Complaint, Plaintiff generally alleges that medical and dental care has been limited or nonexistent at Essex County Jail and that his and other inmates' requests for medical care have been denied or delayed. (Am. Complaint at 12.) Aside from this conclusory allegation, Plaintiff provides no facts about his own attempts to obtain medical care for his cranial tumor at Essex County Jail. As a result, he fails to plead sufficient facts showing that the

County of Essex or CFG denied him medical care for his cranial tumor due to a policy or custom or due to a failure to supervise, train, or discipline.

For these reasons, Plaintiff fails to state a claim for relief on his Fourteenth Amendment denial of medical care claim against Governor Murphy Director Ortiz, Warden Cirillo, the County, or CFG, and these claims are dismissed without prejudice.

The Amended Complaint also fails to state a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42. U.S.C. § 2000cc et seq.. To state a claim under that statute, Plaintiff must plead facts showing that Defendants burdened his personal sincerely held religious beliefs and the exercise thereof. *See, e.g., Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015); *Farnsworth v. Davis*, No. 7:20-CV-00264, 2020 WL 4017848, at *3 (W.D. Va. July 16, 2020) (dismissing RLUIPA claim where plaintiff claimed he was barred from church services but did not indicate his religion or beliefs, including any allegation that attendance at services at some regular interval is a precept of his religion). As noted above, Plaintiff provides no facts about his sincerely held religious beliefs and does not explain how those beliefs or related practices have been burdened. As such, the RLUIPA claims are dismissed without prejudice for failure to state a claim for relief.[5]

Plaintiff also asserts jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, which governs judicial review of agency decisions. "The APA does not provide an independent basis for federal jurisdiction." *Elhaouat v. Mueller*, Civ. No. 07–632, 2007 WL 2332488, at *3 n.5 (E.D. Pa. Aug. 9, 2007) (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)). Jurisdiction for an APA claim is based on federal question jurisdiction under 28 U.S.C. § 1331.

---

[5] Because Plaintiff's RLUIPA claim is clearly deficient, this Court does not address whether any of the named Defendants are actually proper Defendants for RLUIPA purposes.

Pursuant to the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Because Plaintiff has not pleaded facts to suggest that his federal rights have been violated by an agency decision, his APA claims are likewise dismissed without prejudice.

Plaintiff also seeks mandamus relief pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 1361. 28 U.S.C. § 1651(a), provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Writs of mandamus are also authorized by 28 U.S.C. § 1361, which grants jurisdiction to district courts in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an appropriate remedy in extraordinary circumstances only. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996) (citing *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 403 (1976). A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, (1980). Similarly, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "A party seeking the issuance of the writ of mandamus must 'have no other adequate means to attain the relief he desires,' and must show that the 'right to the issuance of the writ is clear and indisputable." *Volcy v. United States*, 469 F. App'x 82, 83 (3d Cir. 2012) (per curiam) (citing *Stehney v. Perry*, 101 F.3d 925, 934 & n. 6 (3d Cir. 1996) (quoting *Allied Chemical Corp.*

*v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)). Here, Plaintiff has not shown he has a clear right to the issuance of the writ with respect to any of his generalized claims (*see* Am. Complaint at 15-16), and the request for mandamus relief is denied without prejudice.

Plaintiff also asks for sweeping declaratory and injunctive relief. (Am. Complaint at 16-17.) A declaratory judgment, however, "is inappropriate solely to adjudicate past conduct." *Corliss v. O'Brien*, 200 F. App'x 80, 84–85 (3d Cir. 2006). "Nor is declaratory judgment meant simply to proclaim that one party is liable to another." *Id.* To the extent Plaintiff seeks declaratory or injunctive relief to prospectively protect his rights, he has not pleaded facts to support such a claim. Plaintiff's claims for declaratory and injunctive relief are therefore dismissed without prejudice.

Finally, Plaintiff may be attempting to assert claims under the NJCRA or under state tort law. Having dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims.[6] *See* 28 U.S.C. § 1367(c). Such a dismissal is appropriate where, as here, the only federal claims have been dismissed, the case has not progressed substantially, and no particular prejudice will result. *See Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019); *see also Bringa v. Roque*, Civ. No. 13-3296, 2015 WL 857884, at *5 (D.N.J. Feb. 27, 2015) ("the court may, within its discretion, decline to exercise supplemental jurisdiction" over the remaining state-law claims"). Having dismissed the federal claims in the Amended Complaint at screening, the Court also denies the request for counsel and the request for class action treatment.

---

[6] Plaintiff's Amended Complaint also mentions diversity jurisdiction but does not plead the requirements for diversity jurisdiction.

## IV. CONCLUSION

In sum, having screened the Amended Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses the immune defendants and otherwise finds that the Amended Complaint fails to state a claim for relief.  The Court dismisses with prejudice the potential constitutional tort claims against the United States and the U.S. Marshals Service.  The FTCA claims are dismissed <u>without prejudice</u> as to the United States and <u>with prejudice</u> as to the U.S. Marshals Service.  The federal claims in the Amended Complaint are otherwise dismissed <u>without prejudice</u>.  The Court declines supplemental jurisdiction over the state law claims, and denies the requests for counsel and class action treatment.  An appropriate Order follows.

_____
Hon. Madeline Cox Arleo
United States District Judge